**Samuel DUNHAM–BEY,**
**Plaintiff–Appellant,**

v.

**James HOLDEN, et al., Defendants–**
**Appellees.**

Nos. 02–1474, 02–1527.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2002.

Before RYAN, CLAY, and GIBBONS, Circuit Judges.

## ORDER

Samuel Dunham–Bey, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 28, 1997, Dunham–Bey filed a complaint against the following defendants who are employed by the Michigan Department of Corrections ("MDOC") at the Eastlake Correctional Facility ("ECF"): Resident Unit Officer Holden, Housing Unit Sergeant B. Murphy, and Deputy Warden David Gundy; the following defendants who are employed by the MDOC at the Alger Correctional Facility ("ACF"): Warden Wayne W. Stine, Inspector Ronald L. Bobo, Lieutenant K. Bakker, Sergeant J. Contreras, Sergeant Nord, Resident Unit Officer Zimmerman, Sergeant J. McInnis, Resident Unit Officer Tweedale, Case Manager Lynn Olson, John Does I–IV, Gerald Seppamaki, and Sharp; and MDOC Internal Affairs Manager Jack Hall. Dunham–Bey alleged numerous claims against the defendants, including a First Amendment claim of retaliation. Dunham–Bey alleged that the defendants retaliated against him by filing false misconduct charges against him and keeping him confined in administrative segregation

because he had filed a grievance and a petition against several prison officials. Dunham–Bey sought monetary relief.

A magistrate judge filed a report recommending dismissal of Dunham–Bey's complaint for frivolity and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). Over Dunham–Bey's objections, the district court approved and adopted the magistrate judge's report and recommendation and dismissed the case. On appeal, this court affirmed in part and vacated in part the district court's judgment and remanded the case for further proceedings with respect to Dunham–Bey's retaliation claim.

Following this court's order, the remaining defendants filed a motion for summary judgment, to which Dunham–Bey responded. A magistrate judge filed a report recommending that the defendants' motion be granted. Over Dunham–Bey's objections, the district court approved and adopted the magistrate judge's report and recommendation and dismissed the case. Dunham–Bey has filed a timely appeal. He requests oral argument in his reply brief. He has also filed a motion for appointment of counsel, motion for temporary restraining order and/or preliminary injunction, motion to dispense with the requirement of security, request "to address the appeals court's with and open statements," and a "secon [sic] addressed to the court of appeals."

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

In order to establish a First Amendment retaliation claim, the plaintiff must prove that: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). If the plaintiff is able to make such a showing, the defendant then has the burden of showing that the same action would have been taken even absent the plaintiff's protected conduct. *See id.* at 399.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants. Dunham–Bey alleged the first element of a retaliation claim because he was engaged in protected conduct when he filed a grievance against Gundy and a petition against the ACF defendants. *See Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir.1999); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). However, Dunham–Bey failed to allege sufficient facts in order to support the second and third elements required to assert a retaliation claim. *See Thaddeus–X*, 175 F.3d at 394.

Accordingly, the request for oral argument and all pending motions are denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.